IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20197
_____


UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

                          versus

JOSE FLORES SILVA,

                                          Defendant-Appellant.
_____

           Appeal from the United States District Court for the
                       Southern District of Texas
                          (CR-H-89-187-1)
_____

                        January 14, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

     *Pro se* appellant Jose Flores Silva appeals the district
court's denial of his motion under 28 U.S.C. § 2255 to vacate, set
aside or correct his sentence.  We conclude that because Silva
received constitutionally ineffective assistance of counsel at
sentencing, he suffered the prejudice of a sentence that violated
the *Ex Post Facto* Clause of the Constitution.  Although there are
real questions as to whether the *Ex Post Facto* claim, as a

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

constitutional claim standing alone, has been preserved, there is no question but that the ineffective assistance of counsel claim, based on the failure of counsel to object to the sentence, has been preserved for appeal. For reasons given in the opinion, we therefore vacate Silva's sentence in his 1990 federal conspiracy conviction and remand for resentencing, based on counsel's ineffectiveness in failing to object to the sentence.

I

Silva's various convictions and sentences arise out of his involvement in an extensive drug distribution conspiracy. A February 1989 search of Silva's residence revealed substantial amounts of marijuana and cocaine, and fourteen firearms. Silva was immediately charged and convicted in Texas state court for possession of illegal drugs. In June 1989, Silva pled guilty to a federal charge of illegal possession of firearms by a felon. Before sentencing in the state court case, Silva was sentenced first on the *federal* charge, in November 1989. He received 115 months imprisonment. One month later, Silva was sentenced in the *state* case, receiving 20 years imprisonment. Silva then began serving his state sentence; his federal sentence would commence only when he was released from state custody. Next, in early 1990, Silva was indicted in federal court along with 27 co-defendants on various drug-related conspiracy charges. In August 1990, while

Silva was still serving his state sentence, Silva was sentenced to 137 months imprisonment for the federal conspiracy convictions. The sentencing court ordered that this 137-month sentence run concurrent with the previous federal sentence, but consecutive to the state sentence that Silva was then serving.

Silva's conviction and sentence in the federal conspiracy case were affirmed by this court in a consolidated appeal. United States v. Maseratti, 1 F.3d 330 (5th Cir. 1993), cert denied, 114 S.Ct. 1096, 1552, and 115 S.Ct. 282 (1994). This motion under § 2255 followed. In his petition, Silva alleges a variety of defects in his federal sentences. Silva argues that his federal sentences should run concurrent to his state sentence, that his 115-month sentence in the felon-in-possession case represented "impermissible double-counting," and that his counsel was ineffective for failing to raise these claims to the sentencing courts or on direct appeal of his conviction and sentence.

## II

Relief under § 2255 is reserved for transgressions of constitutional rights and allegations that the sentencing court lacked jurisdiction. United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1994), cert denied, 116 S.Ct. 1056 (1995); United States v. Acklen, 47 F.3d 739, 741 (5th Cir. 1995). Furthermore, Silva may not raise such issues for the first time on collateral review

3

unless he demonstrates both "cause" for his failure to raise these arguments on direct review and "actual prejudice" resulting from the alleged error in sentencing. United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992).

A

Silva's ability to demonstrate cause and prejudice is intertwined with the merits of his allegations. Silva argues that the federal sentencing courts should have applied a Guideline provision that required his sentence to run concurrent with prior sentences if the underlying offense arose out of the same transaction as a sentence then being served. The provision Silva cites is from Guideline § 5G1.3 of the 1987 version of the Sentencing Guidelines; this version was effective until November 1, 1989, when the 1989 amendments became effective.[1] Generously construed in deference to his *pro se* status, Silva argues that he was incorrectly sentenced under a later version of the Guidelines

---

[1]The 1987 version of § 5G1.3 stated:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

4

that produced a longer sentence; this argument raises a constitutional claim that his sentence violated the *Ex Post Facto* Clause.

As to his first federal sentence--for the felon-in-possession conviction--Silva's argument fails. The version of § 5G1.3 Silva relies upon, by its express terms, applies only if the defendant is "*already serving* one or more unexpired sentences" (emphasis added), and Silva had not even been sentenced in the state case when his first federal sentence was imposed. However, at the time that Silva was sentenced in the federal conspiracy case, he was serving the unexpired state sentence on a concededly related conviction.

The constitutional guarantee against *ex post facto* punishment prevents a criminal defendant from being subjected to a more severe punishment for his crime than was allowed by law at the time the crime was committed. The criminal activity that led to Silva's 1990 federal conspiracy conviction occurred in July of 1989, according to the indictment in that case. In July of 1989, the 1987 version of the federal Sentencing Guidelines was in effect, but by the time Silva was sentenced in the case, the 1989 verion had become effective. Therefore, Silva should not have been sentenced under the 1989 version of the Guidelines if the 1989 version produced a sentence that was longer than the sentence that would have been required under the 1987 version.

5

Guideline § 5G1.3 of the 1987 version of the federal Sentencing Guidelines would have required that Silva's sentence in the conspiracy case run concurrently with *both* Silva's other federal sentence and his state sentence. The 1989 Guidelines, under which Silva was sentenced, did not. Accordingly, the order that Silva's 137-month conspiracy sentence run consecutive to his state sentence violated the *Ex Post Facto* Clause because it subjected Silva to as much as 22 months additional imprisonment.

## B

The government insists on appeal that even if Silva's sentence violated the *Ex Post Facto* Clause, Silva may not now raise this claim because he failed to raise it clearly to the district court. The government argues that we may only grant relief if the district court committed "plain error" under Rule 52(b), and that we cannot find that the district court committed plain error in its review of Silva's habeas petition for failing to accept an argument that was not clearly presented.

We need not address the government's contention that Rule 52(b) precludes relief on the *Ex Post Facto* claim, however, because Silva has consistently argued that he received ineffective assistance of counsel at his sentencing hearing. We agree, and remand for resentencing on that ground.

In order to demonstrate that he received ineffective assistance of counsel, Silva must demonstrate both that his counsel's performance during sentencing was deficient, and that he was prejudiced by the deficient representation. <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 2063-64 (1984). Although Silva must overcome "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," <u>id.</u>, we conclude that Silva has made an adequate showing. Where a criminal defendant's attorney fails to challenge the application of an incorrect version of the Sentencing Guidelines, and that failure results in a sentence that violates the *Ex Post Facto* Clause, the criminal defendant is deprived of effective assistance of counsel.

Accordingly, we hold that Silva has demonstrated both "cause" and "prejudice" under § 2255. The ineffective assistance of counsel that Silva received at sentencing is cause for his failure to raise these issues on direct appeal. The constitutional defect in his sentencing subjected Silva to as many as 22 months additional imprisonment, and Silva has therefore suffered actual prejudice from the error in his federal conspiracy sentence.[2]

III

---

[2]We have reviewed Silva's claim concerning "impermissible double-counting" in his felon-in-possession sentence, and we find that the district court properly resolved this claim under our decision in <u>United States v. Gonzales</u>, 996 F.2d 88 (5th Cir. 1993).

7

In conclusion, then, we REVERSE the district court's denial of Silva's petition under § 2255, VACATE Silva's sentence for the federal conspiracy convictions, and REMAND to the district court for resentencing consistent with this opinion.

REVERSED, VACATED in part, and REMANDED.